UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE POLAND,<br><br>            Plaintiff,<br><br>       v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, an entity of unknown form, and DOES 1-30,<br><br>            Defendants. | No.  2:12-cv-03105 JAM-DAD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PUNITIVE DAMAGES CLAIM** |

   This matter is before the Court on Defendant Liberty Mutual Fire Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's claim for punitive damages (Doc. #7).  Plaintiff Brooke Poland ("Plaintiff") opposes the motion (Doc. #15) and Defendant replied (Doc. #20).[1]  For the reasons set forth below, Defendant's motion is GRANTED.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 15, 2013.

1

I.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action on October 1, 2012, in Sacramento County Superior Court against Defendant (Doc. #1). Defendant removed this action to this Court on December 28, 2012, based on diversity jurisdiction, 28 U.S.C. § 1332. Id. In the complaint, Plaintiff alleges two causes of action against Defendant: the first for breach of an insurance contract and the second for breach of the implied covenant of good faith and fair dealing. Compl. ¶¶ 19-30. For the second cause of action, Plaintiff seeks punitive damages pursuant to California Civil Code Section 3294. Id. ¶ 30. On January 4, 2013, Defendant moved to dismiss Plaintiff's punitive damages claim (Doc. #6).

On or about October 4, 2010, Plaintiff was turning into a gas station when another vehicle struck her truck. Id. ¶ 11. The other vehicle fled the scene. Id. ¶ 12. Plaintiff allegedly maintained a valid automobile insurance with Defendant. Id. ¶ 15. On October 4, 2010, Plaintiff made a claim to Defendant and demanded arbitration pursuant to the uninsured motorist liability provision of her policy. Id. ¶ 17. Defendant allegedly refused her claim and failed to respond to Plaintiff's demand for arbitration. Id. ¶ 18. On January 24, 2012, Plaintiff sent another letter to Defendant demanding arbitration; Defendant allegedly ignored the demand. Id. ¶ 9.

II.     OPINION

A.     Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule

2

1   of Civil Procedure 12(b)(6).  In considering a motion to dismiss,
2   the court must accept the allegations in the complaint as true
3   and draw all reasonable inferences in favor of the plaintiff.
4   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
5   grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto,
6   405 U.S. 319, 322 (1972).  Assertions that are mere "legal
7   conclusions," however, are not entitled to the assumption of
8   truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
9   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive
10  a motion to dismiss, a plaintiff needs to plead "enough facts to
11  state a claim to relief that is plausible on its face."  Twombly,
12  550 U.S. at 570.  Dismissal is appropriate where the plaintiff
13  fails to state a claim supportable by a cognizable legal theory.
14  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th
15  Cir. 1990).
16       Upon granting a motion to dismiss for failure to state a
17  claim, the court has discretion to allow leave to amend the
18  complaint pursuant to Federal Rule of Civil Procedure 15(a).
19  "Dismissal with prejudice and without leave to amend is not
20  appropriate unless it is clear . . . that the complaint could not
21  be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,
22  Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
23       B.   Judicial Notice
24       Defendant requests judicial notice of the complaint filed
25  in this action.  Def.'s Request for Judicial Notice, Doc. #7, at
26  1.  Because the complaint filed in this action is already part
27  of the record, the Court denies Defendant's request.
28

C. <u>Discussion</u>

　　　1. <u>Extrinsic Evidence</u>

Defendant argues that Plaintiff has improperly submitted declarations and documents in opposition to the motion to dismiss. Reply at 3. As a result, Defendant requests the Court to strike the Declaration of Robert B. Kitay ("Kitay Declaration") and the attached Exhibits B-C.[2]

Generally, courts may not consider materials beyond the pleadings in ruling on a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) (citing <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994)). There are two exceptions to this rule: First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss. <u>Id.</u> Second, under Federal Rule of Evidence 201, "a court may take judicial notice of 'matters of public record.'" <u>Id.</u> (citing <u>Mack v. South Bay Beer Distrib.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986)).

Pursuant to Federal Rule of Civil Procedure 12(d) ("Rule 12(d)"), if, on a motion to dismiss made under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Moreover, Rule 12(d) requires that in the event of conversion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." <u>Id.</u>

---

[2] Exhibit A is the complaint filed in this action, which is already part of the record.

4

In this case, as part of her opposition, Plaintiff submitted a declaration by her counsel, Defendant's responses to Plaintiff's first set of special interrogatories, and a claim log provided by Defendant to Plaintiff.  Exs. B-C, attached to Kitay Dec., Doc. ##17-19.  These materials were not attached to the complaint nor has Plaintiff requested judicial notice of them; therefore, these materials are matters outside the pleadings.  Contrastingly, Defendant did not submit any materials apart from its request for judicial notice, which, as mentioned above, is an exception.  Because not all parties were given a reasonable opportunity to present all pertinent material to the motion, the Court will not rely on the materials submitted by Plaintiff and declines to treat Defendant's motion to dismiss as a motion for summary judgment.  See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) (noting that a Rule 12(b)(6) motion is treated as motion for summary judgment, "if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, *and* if the district court relies on those materials")(emphasis added).

Accordingly, the Court strikes the Kitay Declaration and the attached Exhibits B-C.

### 2. Punitive Damages Claim

Defendant moves to dismiss Plaintiff's claim for punitive damages for failure to allege sufficient facts to support the claim.  Plaintiff argues that Defendant's conduct as alleged in the complaint allows Plaintiff to properly seek punitive damages.

To obtain punitive damages pursuant to California Civil Code § 3294, a plaintiff must show that "that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. "Malice" is conduct "intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Id. "Oppression" is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. "Fraud" is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Id. Allegations that a defendant's acts were "arbitrary, capricious, fraudulent, wrongful and unlawful" constitute mere conclusions of law and therefore, are insufficient to state a claim for punitive damages. Kelley v. Corr. Corp. of Am., 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) (citations omitted).

In this case, Plaintiff alleges that that Defendant ignored and refused her demands for arbitration. Compl. ¶¶ 9, 18. Plaintiff also alleges that these actions were carried out "with conscious disregard of Plaintiff's right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294." Compl. ¶ 30 (emphasis in original). However, Plaintiff provides no facts to show oppression, fraud, or malice. Because this allegation is a mere conclusion of law, it is insufficient to state a claim for punitive damages. Parker v. Fid. Sec. Life

6

Ins. Co., CIV. F 06-654 AWI DL, 2006 WL 2190956, at *6 (E.D. Cal. Aug. 1, 2006) (holding that without "specific allegation of malice, fraud, or oppression, and, even viewed in the light most favorable to Plaintiff, the facts that are alleged in the complaint are not enough support a claim for punitive damages").

Accordingly, the Court dismisses Plaintiff's punitive damages claim. The Court grants leave to amend because Plaintiff may be able to allege sufficient facts to state a claim.

## III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this Order. If Plaintiff elects not to file an Amended Complaint, the case will proceed without the punitive damages claim. If Plaintiff files an Amended Complaint, Defendant must file its responsive pleading within twenty (20) days from the filing date.

IT IS SO ORDERED.

Dated:  June 6, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE