1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  BROOKE POLAND,                    No.  2:12-cv-03105 JAM-DAD

12           Plaintiff,

13       v.                           **ORDER GRANTING DEFENDANT'S
                                      MOTION TO STRIKE AND GRANTING IN
14  LIBERTY MUTUAL FIRE               PART AND DENYING IN PART
    INSURANCE COMPANY, an entity      DEFENDANT'S MOTION TO DISMISS**
15  of unknown form, and DOES 1
    through 30,
16
             Defendants.
17

18       This matter is before the Court on Defendant Liberty Mutual

19  Fire Insurance Company's ("Defendant") Motion to Strike and

20  Dismiss Plaintiff's Claims in the First Amended Complaint

21  ("FAC") (Doc. #35).  Plaintiff Brooke Poland ("Plaintiff")

22  opposes the motion (Doc. #42) and Defendant replied (Doc. #44).[1]

23  For the reasons set forth below, Defendant's motion to strike is

24  GRANTED and Defendant's motion to dismiss is GRANTED in part and

25  DENIED in part.

26

27  _____
    [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for December 11, 2013.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action on October 1, 2012, in Sacramento County Superior Court against Defendant (Doc. #1). Defendant removed this action to this Court on December 28, 2012, based on diversity jurisdiction, 28 U.S.C. § 1332.  Id. On January 4, 2013, Defendant moved to dismiss Plaintiff's punitive damages claim (Doc. #6).  The Court granted Defendant's motion to dismiss with leave to amend (Doc. #22).  On June 20, 2013, Plaintiff filed an FAC with a new cause of action not in the original complaint (Doc. #24).  Defendant objected to the additional cause of action in the FAC; therefore, Plaintiff moved for leave to file the proposed FAC on July 2, 2013 (Doc. #26).  During the September 18, 2013, hearing on Plaintiff's Motion to Amend ("September 18 Hearing"), the Court gave Plaintiff leave to file a new FAC because Plaintiff needed to allege more facts and the proposed FAC included improper remedies (Doc. #32).  On October 8, 2013, Plaintiff filed her FAC (Doc. #33), alleging three causes of action: (1) breach of an insurance contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of California Business and Professional Code Section 17200 ("UCL claim").  FAC ¶¶ 33-58.

According to the allegations in the FAC, on or about October 4, 2010, Plaintiff was turning into a gas station when another vehicle struck her truck.  Id. ¶¶ 14-15.  The other vehicle fled the scene.  Id. ¶ 16.  Plaintiff allegedly maintained a valid automobile insurance with Defendant.  Id. ¶ 18.  On October 4, 2010, Plaintiff made a claim to Defendant

1  and demanded arbitration pursuant to the uninsured motorist
2  liability provision of her policy.  Id. ¶ 17.  Defendant
3  allegedly refused her claim and failed to respond to Plaintiff's
4  demand for arbitration.  Id. ¶ 10.  On January 24, 2012,
5  Plaintiff sent another letter to Defendant demanding
6  arbitration; Defendant allegedly ignored the demand.  Id. ¶ 11.
7
8                        II.   OPINION
9       A.   Legal Standard
10           1.   Standard for a Motion to Strike
11      Federal Rule of Civil Procedure 12(f) permits the Court to
12  "strike from a pleading an insufficient defense or any
13  redundant, immaterial, impertinent, or scandalous matter."  Fed.
14  R. Civ. P. 12(f).  "Redundant allegations are those that are
15  needlessly repetitive or wholly foreign to the issues involved
16  in the action."  Cal. Dept. of Toxic Substances Control v. Alco
17  Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)
18  (internal quotation marks and citations omitted).  Immaterial
19  matter is "that which has no essential or important relationship
20  to the claim for relief or the defenses being pleaded."
21  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)
22  (internal quotation marks and citations omitted), rev'd on other
23  grounds, 510 U.S. 517 (1994).  Impertinent matter "consists of
24  statements that do not pertain, and are not necessary, to the
25  issues in question."  Id.  Scandalous matter is that which
26  "improperly casts a derogatory light on someone, most typically
27  on a party to the action."  Germaine Music v. Universal Songs of
28  Polygram, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003).

                                3

1          2.   Standard for a Motion to Dismiss

2          A party may move to dismiss an action for failure to state

3    a claim upon which relief can be granted pursuant to Federal

4    Rule of Civil Procedure 12(b)(6).  To survive a motion to

5    dismiss a plaintiff must plead "enough facts to state a claim to

6    relief that is plausible on its face."  Bell Atlantic Corp. v.

7    Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to

8    dismiss, a district court must accept all the allegations in the

9    complaint as true and draw all reasonable inferences in favor of

10   the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

11   overruled on other grounds by Davis v. Scherer, 468 U.S. 183

12   (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be

13   entitled to the presumption of truth, allegations in a complaint

14   or counterclaim may not simply recite the elements of a cause of

15   action, but must sufficiently allege underlying facts to give

16   fair notice and enable the opposing party to defend itself

17   effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

18   2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.

19   2012).  "Second, the factual allegations that are taken as true

20   must plausibly suggest an entitlement to relief, such that it is

21   not unfair to require the opposing party to be subjected to the

22   expense of discovery and continued litigation."  Id.  Assertions

23   that are mere "legal conclusions" are therefore not entitled to

24   the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

25   (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is

26   appropriate when a plaintiff fails to state a claim supportable

27   by a cognizable legal theory.  Balistreri v. Pacifica Police

28   Department, 901 F.2d 696, 699 (9th Cir. 1990).

4

1    Upon granting a motion to dismiss for failure to state a

2    claim, a court has discretion to allow leave to amend the

3    complaint pursuant to Federal Rule of Civil Procedure 15(a).

4    "Dismissal with prejudice and without leave to amend is not

5    appropriate unless it is clear . . . that the complaint could

6    not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,

7    Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

8         B.    Judicial Notice

9    Defendant seeks judicial notice of the transcript for the

10   September 18 Hearing.  RJN, Doc. #36, Ex. 1.  The transcript is

11   the proper subject of judicial notice under Federal Rules of

12   Evidence Rule 201 because a court may take judicial notice of

13   "matters of public record." Lee v. City of Los Angeles, 250

14   F.3d 668, 688-89 (9th Cir. 2001) (citation omitted).

15   Accordingly, the Court GRANTS Defendant's request for

16   judicial notice.

17        C.    Discussion

18             1.    Motion to Strike

19   Defendant moves to strike Plaintiff's UCL Claim on behalf

20   of the general public.  Plaintiff argues that she may pursue the

21   claim on behalf of the public at large without class

22   certification, relying on Stop Youth Addiction, Inc. v. Lucky

23   Stores, Inc., 17 Cal. 4th 553, 561-67 (1998).

24   In Stop Youth Addiction, the court held that a private

25   party has UCL standing regardless of whether he or she is

26   directly aggrieved.  Stop Youth Addiction, 17 Cal. 4th at 561.

27   However, after the State of California adopted Proposition 64,

28   "private persons may no longer sue on behalf of the general

1    public." <u>Branick v. Downey Sav. & Loan Ass'n</u>, 39 Cal. 4th 235,

2    240, 138 P.3d 214, 217 (2006).  "Therefore, a private plaintiff

3    must file a class action in order to represent the interests of

4    others." <u>Yanting Zhang v. Superior Court</u>, 57 Cal. 4th 364, 372

5    (2013) (citing <u>Arias v. Superior Court</u>, 46 Cal. 4th 969, 980

6    (2009)).

7         Accordingly, Plaintiff cannot pursue this claim on behalf

8    of the general public without certifying a class.  In addition,

9    Plaintiff clarified during the September 18 Hearing that she is

10   not bringing a class action at this time and she does not claim

11   to bring a class action in her opposition to the motion to

12   strike.  <u>See</u> September 18 Hearing transcript, Ex. 1, Doc. #36,

13   at 3-4.  Accordingly, the Court strikes her UCL Claim on behalf

14   of the general public.

15                    2.   <u>Motion to Dismiss</u>

16        Defendant also moves to dismiss Plaintiff's request for

17   attorney's fees under the breach of contract cause of action;

18   attorney's fees pursuant to California Code of Civil Procedure

19   Section 1021.5 ("Section 1021.5"); an "order enjoining Defendant

20   from engaging in further false or deceptive advertising

21   practices"; punitive damages pursuant to California Civil Code

22   Section 3294; and disgorgement of all profits.  Mot. at 1-2.

23   Plaintiff concedes that her request for an "order enjoining

24   Defendant from engaging in further false or deceptive

25   advertising practices" and request for punitive damages pursuant

26   to California Civil Code Section 3294 should be dismissed.  Opp.

27   at 2-3.  Plaintiff opposes Defendant's motion to dismiss the

28
                                   6

1  other requested remedies.[2]

2                    a.    Breach of Contract Attorney's Fees

3        Plaintiff seeks attorney's fees for the breach of contract

4  claim.   However, Defendant argues that there is no allegation in

5  the FAC that the underlying contract contains an attorney's fee

6  provision.   In her opposition, Plaintiff does not claim that the

7  underlying contract has an attorney's fee provision, but instead

8  argues that Plaintiff is entitled to attorney's fees and

9  litigation costs pursuant to Brandt v. Superior Court, 37 Cal.

10 3d 813, 817 (1985).   In Brandt, the California Supreme Court

11 held that attorney's fees reasonably incurred to compel payment

12 of insurance policy benefits are recoverable as an element of

13 tort damages if the insured proves breach of the covenant of

14 good faith and fair dealing.   Id.   Therefore, under Brandt,

15 Plaintiff may recover attorney's fees under her bad faith claim,

16 which she is already seeking.   See Compl. at 15.   However,

17 Brandt does not apply to Plaintiff's breach of contract claim

18 and attorney's fees are not recoverable for breach of contract

19 claims "unless a statute or the agreement of the parties

20 provides otherwise."   Boles v. Merscorp, Inc., CV 08-1989 PSG

21 (EX), 2009 WL 734135, at *4 (C.D. Cal. Mar. 18, 2009) (quoting

22 Gray v. Don Miller & Assocs., Inc., 35 Cal.3d 498, 504 (1998)).

23 ///

24 ///

25 ─────────────────────

26 [2] Plaintiff also argues that the punitive damages claim under her
    bad faith cause of action is properly alleged.   Defendant,

27 however, moved to dismiss Plaintiff's claim for punitive damages
    under her UCL cause of action not under her bad faith cause of

28 action.   See Reply at 4.

1    Accordingly, the Court dismisses Plaintiff's request for
2  attorney's fees for the breach of contract claim.   Because
3  Plaintiff's request is legally foreclosed, the Court does not
4  grant leave to amend.

5                b.   <u>Section 1021.5</u>

6    Defendant moves to dismiss Plaintiff's request for
7  attorney's fees pursuant to Section 1021.5 for the UCL claim.
8  <u>See</u> Compl. at 15.   Attorney's fees under Section 1021.5 are
9  permissible "in any action which has resulted in the enforcement
10  of an important right affecting the public interest."   Cal. Civ.
11  Proc. Code § 1021.5.   Moreover, courts have recognized that
12  under certain circumstances, attorney's fees under Section
13  1021.5 may be awarded in connection with a claim for violating
14  California's UCL.   <u>See</u>, <u>e.g.</u>, <u>Jackson v. Sturkie</u>, 255 F. Supp.
15  2d 1096, 1107-08 (N.D. Cal. 2003).   Defendant argues that
16  Plaintiff cannot claim that this action was motivated by the
17  public interest because she pursued this action on her own
18  behalf for eight months.   However, this eight-month period does
19  not demonstrate that Plaintiff will not be able to show that her
20  action resulted in the enforcement of an important right
21  affecting the public interest if she is the prevailing party.
22  In addition, "whether attorney's fees are appropriate under
23  Section 1021.5 is an issue that is ordinarily decided after
24  judgment has been entered."   <u>Ferretti v. Pfizer Inc.</u>, 11-CV-
25  04486, 2013 WL 140088, at *22 (N.D. Cal. Jan. 10, 2013)
26  (citation omitted).

27    Accordingly, the Court denies Defendant's motion to dismiss
28  Plaintiff's request for attorney's fees under Section 1021.5.

1

c.   Disgorgement of All Profits

2       Defendant moves to dismiss Plaintiff's request under the

3 UCL claim for "disgorgement of all profits Defendant has earned

4 for the period of 4 years prior . . . derived from the unlawful,

5 unfair, and fraudulent practices complained of herein."  Compl.

6 at 16.  Plaintiff opposes Defendant's motion but provides no

7 grounds.  See Opp. at 2, 12-14.  Under the UCL, the available

8 remedies are generally limited to injunctive relief and

9 restitution.  Zhang, 57 Cal. 4th at 372.  The California Supreme

10 Court has defined an order for "restitution" as one "compelling

11 a UCL defendant to return money obtained through an unfair

12 business practice to those persons in interest from whom the

13 property was taken, that is, to persons who had an ownership

14 interest in the property or those claiming through that person."

15 Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134,

16 1144-45 (2003) (quoting Kraus v. Trinity Mgmt. Servs., Inc., 23

17 Cal. 4th 116, 126-27 (2000)).  In addition, "disgorgement" is a

18 broader remedy than restitution and therefore, the court

19 clarified that it "has never approved of nonrestitutionary

20 disgorgement of profits as a remedy under the UCL."  Id. at

21 1148.

22       Here, Plaintiff's request for disgorgement of all of

23 Defendant's profits for the last four years is a request for

24 nonrestitutionary disgorgement because Plaintiff has no

25 ownership interest in all the profits.  Therefore, Plaintiff's

26 request is impermissible under the UCL.  Accordingly, the Court

27 grants Defendant's motion to dismiss Plaintiff's request for

28 disgorgement of all profits Defendant has earned for the period

9

1   of four years prior.  The Court does not grant leave to amend

2   because Plaintiff's request cannot be saved by amendment.

3

4                           III.   ORDER

5      For the reasons set forth above, the Court GRANTS

6   Defendant's motion to strike and GRANTS in part and DENIES in

7   part Defendant's motion to dismiss.  The Court strikes

8   Plaintiff's UCL claim on behalf of the general public and

9   dismisses without leave to amend Plaintiff's request for

10   attorney's fees for the breach of contract claim and Plaintiff's

11   request for disgorgement of all profits.  The Court denies

12   Defendant's motion to dismiss Plaintiff's request for attorney's

13   fees under Section 1021.5.  The case will proceed on the First

14   Amended Complaint without the UCL claim on behalf of the general

15   public, the attorney's fees request for the breach of contract

16   claim, and the disgorgement of all profits request. Defendant

17   shall file its Answer to the FAC within twenty(20) days of the

18   date of this Order.

19      IT IS SO ORDERED.

20

21      Dated:  January 28, 2014

22

23                              JOHN A. MENDEZ,
                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28